STATE OF IOWA V. CHRIS. STUHLMILLER, Appellant.

LARCENY: CONFLICTING EVIDENCE. Verdict not disturbed.

*Appeal from Carroll District Court.*—HON. GEORGE W. PAINE, Judge.

THURSDAY, OCTOBER 3, 1895.

The defendant was indicted, tried, and convicted of the crime of stealing hogs, and appeals.—*Affirmed.*

*Geo. W. Bowen* and *M. W. Beach* for appellant.

*Geo. W. Korte,* county attorney, *B. I. Salinger* and *Milton Remley,* attorney general, for the state.

Rothrock, J.—I. There is no question that some person or persons stole five fat hogs from the farm of one Schroeder about August 1, 1893, and there is no doubt that one Hart was one of the thieves. He was jointly indicted with the defendant herein, and found guilty before the defendant was tried. The evidence in this case shows that Hart sold the hogs at a small railroad station named Aspinwall, in Crawford county, and that he gave his name as Hite, and took a check on a bank in the town of Manning payable to Hite. In the trial of the case against the defendant herein the state sought to connect him with Hart in the commission of the crime. The evidence showed that Hart and another man were seen driving a team consisting of a mule and a horse, and a wagon in which there were some hogs, going south towards Aspinwall, and that Hart said he was going to that place to sell the hogs. After selling the hogs, and when on the road with the team and wagon going towards Manning, and about half a mile from Aspinwall, Hart and the defendant were seen in the wagon. The check for the hogs was paid at Manning the same day. And there is evidence that at about that time the defendant and Hart were seen in Manning, with a team consisting of a mule and a horse, and a wagon with a box on it and some sideboards in the box. And there is evidence that Hart was in the employ of the defendant at and before that time, and that defendant had a team and wagon of the same kind as the one from which the hogs were sold at Aspinwall. There are many other facts and cir-

cumstances tending to connect the defendant with the commission of the crime which we need not set out. This case was fully argued orally when it was submitted to this court. The arguments were an elaboration of those presented in print, and it was earnestly contended that the evidence was insufficient to sustain the verdict. The main defense consisted of what is known as an *alibi*. And it is to be conceded that several witnesses testified that on the day that the hogs were sold in Aspinwall the defendant was at his home during the whole day. Notwithstanding this evidence, we think the verdict cannot be disturbed. Indeed, we may say that under all the evidence we do not see how any fair-minded jury could arrive at any result other than a verdict of guilty.

II. Numerous objections were made to the rulings of the court pending the introduction of the evidence. These objections demand no special consideration. They are for the most part exceedingly technical, and they appear to have been without prejudice to the defendant.

III. It is urged that the court erred in overruling a challenge to a juror. The examination of the juror under oath touching his qualifications to serve as a juror shows that there was no error in the ruling.

Other objections do not seem to us to be of sufficient importance to demand special mention. The judgment of the district court is *affirmed*.